**WO** JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Fernandez,<br><br>           Plaintiff,<br><br>vs.<br><br>Joseph Arpaio, et al.,<br><br>           Defendants. | No. CV 05-2367-PHX-SMM (LOA)<br><br>**ORDER** |

In this civil rights action brought by a former county jail inmate, Defendants moved to dismiss for lack of exhaustion (Doc. #12). Plaintiff responded, and Defendants replied (Doc. ##15, 16). Plaintiff then filed a sur-response, which Defendants moved to strike (Doc. ##18, 20). The Court will deny Defendants' Motion to Strike and grant Defendants' motion for dismissal.

**I. Background**

Plaintiff sued Sheriff Joseph Arpaio and Captain Capellini and alleged that (1) he received inadequate food, (2) his safety was threatened by severe overcrowding, and (3) the conditions at the jail were unsanitary (Doc. #8). In his verified Amended Complaint, Plaintiff checked the box indicating that he appealed his requests for administrative relief to the highest level. However, he also stated that he made several attempts to obtain the proper forms for filing grievances, but jail staff told him that his complaints were not grievable (Id. at 4-6).

Defendants moved to dismiss for lack of exhaustion of available administrative remedies (Doc. #12). In support, Defendants submitted the affidavit of Zelean Tademy, a Hearing Officer for inmate discipline and grievances (Ex. B, Doc. #12). Tademy asserted that from the time Plaintiff was booked into the jail to the present, Plaintiff filed just one grievance which was unrelated to the claims in this action (Tademy Aff. ¶ 10, Ex. B). Plaintiff's sole grievance alleged deprivation of due process because he did not see a judge within 72 hours (Ex. C). In addition, Defendants attached a copy of Policy DJ-3, which outlines the inmate grievance procedures (Ex. A). Tademy attested that this policy does not limit the issues that an inmate may grieve (Tademy Aff. ¶ 5).

In response, Plaintiff asserted that he is aware of Policy DJ-3, but that jail staff would not provide the proper forms, and they told Plaintiff that his issues could not be grieved (Doc. #15). Defendants filed a reply in which they contend that Plaintiff failed to proffer any evidence to support his allegations that he was denied forms and told his claims were not grievable (Doc. #16). Plaintiff then filed a sur-response and argued that Defendants have not provided evidence that Plaintiff did not attempt to exhaust administrative remedies (Doc. #18). Plaintiff further argued that jail staff did not follow the procedures outlined in the grievance policy, and that Sergeant Tademy does not have personal knowledge of Plaintiff's individual grievance (Id.). Defendants responded to the sur-response and also moved to strike it on the grounds that the Court's briefing schedule did not allow for additional responses, and Plaintiff's sur-response did not present any new evidence (Doc. ##19, 20).

**II. Legal Standard**

A plaintiff must first exhaust available administrative remedies before commencing a § 1983 action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006). Exhaustion is required regarding all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). However, the defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule

1  12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at
2  1119-20.  Further, a court has broad discretion as to the method to be used in resolving the
3  factual dispute.  Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369
4  (9th Cir. 1988).

5  **III. Analysis**

6  According to the documents attached to the Motion to Dismiss, an inmate should seek
7  to resolve a conflict through the Maricopa County Jail System's Inmate Grievance
8  Procedures.  Specifically, an inmate who wishes to file a grievance will be provided a
9  Grievance Form upon request, and must submit the form to a detention officer.  The
10 unresolved grievance is forwarded to the shift Supervisor, and then to the Hearing Officer.
11 If the Hearing Officer is unable to resolve the grievance, the inmate may appeal his decision
12 to the jail commander, whose decision may be appealed to an External Referee.  The External
13 Referee's decision is final (Ex. A, Doc. #12).

14 Defendants' evidence that the grievance policy does not limit the issues that may be
15 grieved, and that grievance forms are passed out by detention officers, has not been
16 satisfactorily rebutted by Plaintiff (Tademy Aff., ¶¶ 5, 6, Ex. B).  Plaintiff failed to submit
17 evidence supporting his assertion that he was denied forms, such as the dates of the alleged
18 denials or the names of those officers who told him that his concerns were not grievable.
19 Moreover, Defendants' evidence showing that Plaintiff filed a grievance on an unrelated
20 claim concerning an issue that could not, in fact, be addressed by the jail, belies Plaintiff's
21 claim that he could not obtain forms or grieve certain issues (Ex. C, Doc. #12).  Thus,
22 Plaintiff has failed to rebut Defendants' claim that Plaintiff did not exhaust administrative
23 remedies.  The Court reaches this conclusion even when considering Plaintiff's sur-response
24 which, as Defendants note, failed to provide any evidence bolstering Plaintiff's contentions.
25 The Court will therefore deny Defendants' Motion to Strike as unnecessary, and grant the
26 Motion to Dismiss.

27 //
28 //

**IT IS ORDERED** that Defendants' Motion to Strike (Doc. #20) is **denied;** and Defendants' Motion to Dismiss (Doc. # 12) is **granted**.  Plaintiff's action is dismissed without prejudice for lack of exhaustion.  The Clerk of Court shall enter a judgment of dismissal accordingly.

DATED this 31st day of August, 2006.

Stephen M. McNamee
United States District Judge